1  ROBERT E. OPERA -- State Bar No. 101182
   ropera@winthropcouchot.com
2  KAVITA GUPTA – State Bar No. 138505
   kgupta@winthropcouchot.com
3  **WINTHROP COUCHOT**
   **PROFESSIONAL CORPORATION**
4  660 Newport Center Drive, Suite 400
   Newport Beach, CA 92660
5  Telephone: (949) 720-4100
   Facsimile: (949) 720-4111
6
   [Proposed] General Insolvency Counsel
7  for Debtors and Debtors-in-Possession

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   SANTA ANA DIVISION

12

13 | In re:                                      | Case No. 8:11-bk-11428 RK
14 | ☒ FORBCO MANAGEMENT                         | Jointly Administered with Case Nos.
15 |   CORPORATION, a California corporation     | 8:11-bk-11439 RK; 8:11-bk-11442 RK;
   |                                             | 8:11-bk-11444 RK
16 | ☒ FORBCO SIZZLER PARTNERS,
   |   L.P., a California limited partnership    | Chapter 11 Proceedings
17 | ☒ W & J HIGGINS INVESTMENTS
   |   L.P., a California limited partnership    | **DEBTORS' EMERGENCY MOTION TO**
18 | ☒ L & G RESTAURANTS, LLC,                   | **LIMIT NOTICE OF CERTAIN MATTERS**
   |   a California limited liability company    | **REQUIRING NOTICE TO CREDITORS**
19 |                                             | **PURSUANT TO RULES 2002 AND 9007 OF**
20 |        Debtors and                          | **THE FEDERAL RULES OF BANKRUPTCY**
   |        Debtors in Possession.               | **PROCEDURE**
21 |                                             | **[DECLARATION OF RONALD JEFFREY**
22 |                                             | **HIGGINS IN SUPPORT THEREOF FILED**
   |                                             | **CONCURRENTLY HEREWITH]**
23 |                                             | DATE:    February 11, 2011
   |                                             | TIME:    9:30 a.m.
24 |                                             | PLACE:   Courtroom 5D
25 |                                             |          411 West Fourth Street
   |                                             |          Santa Ana, CA 92701
26

27

28

MAINDOCS-#157802-v2-Forbco_Limit_Notice.DOC

1 Forbco Management Corporation, a California corporation ("Forbco Management"),
2 Forbco Sizzler Partners, L.P., a California limited partnership ("Forbco Sizzler"), W&J Higgins
3 Investments, L.P., a California limited partnership ("W&J"), and L&G Investments, LLC, a
4 California limited liability company ("L&G"), the jointly administered debtors and debtors-in-
5 possession in the above-captioned Chapter 11 proceedings (collectively, the "Debtors"), hereby
6 move ("Motion") the Court, on an emergency basis, for an order authorizing the Debtors to limit
7 notice of certain matters requiring notice to creditors pursuant to the provisions of Rules 2002,
8 9006 and 9007 of the Federal Rules of Bankruptcy Procedure.

Good cause exists in the Debtors' cases to limit the service of notice to creditors as the Debtors have an aggregate of approximately 400 creditors. Requiring the Debtors to serve all of the creditors with notice of all proceedings in these cases would be administratively burdensome and unduly expensive.

The Debtors believe that, under the circumstances of these cases, notices should be served upon only the following entities:

1. The Office of the United States Trustee;
2. The unsecured creditors holding the 20 largest claims, or, if a committee of unsecured creditors is formed, to the committee or to any counsel employed by the committee;
3. Secured creditors or their counsel; and
4. All parties who file and serve requests for special notice in these cases.

Notwithstanding the foregoing, the Debtors will serve on all creditors, notice of certain proceedings in the cases which affect the interests of all creditors and equity holders, as described herein.

This Motion is made and based on the representations and allegations set forth above, on the appended Memorandum of Points and Authorities and the Declaration of Ronald Jeffrey Higgins filed concurrently herewith, and on such other evidence as may be presented to the Court prior to or at the hearing on this Motion.

1     **WHEREFORE**, the Debtors pray that this Court enter an order limiting notice of the
2 matters described in Rules 2002, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure to
3 the creditors and parties-in-interest described hereinabove.

4 DATED: February 9, 2011     **WINTHROP COUCHOT**
5     **PROFESSIONAL CORPORATION**

6         /s/ Robert E. Opera

7     By:_____
        Robert E. Opera
8         Kavita Gupta
    [Proposed] General Insolvency Counsel for the
9     Debtors and Debtors-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE NEED FOR LIMITING NOTICE ON AN EMERGENCY BASIS

The Debtors have an aggregate of approximately 400 creditors. Requiring the Debtors to serve all of the creditors with notice of all proceedings in these cases and respond to the related inquiries arising therefrom would be administratively burdensome and unduly expensive. The sooner that notice requirements are lessened, the faster the estates can reduce expenses. Granting the relief requested herein would substantially reduce the Debtors' postage and reproduction costs, as well as attorneys' fees, from the outset of these bankruptcy proceeding, thereby facilitating significantly the economical and efficient administration of the Debtors' cases. Accordingly, the Debtors are requesting that they be allowed to serve notices upon the entities listed herein.

## II.

## STATEMENT OF FACTS

**A.    The Debtors.**

The Debtors own and operate fourteen (14) Sizzler restaurants in Southern California. Each Debtor owns four restaurants, with the exception of L&G, which owns two restaurants. The Debtors' business affairs are administered, in part, by Forbco Management, which was founded by Ronald F. Higgins in 1972, and which is now owned and controlled by him and his son, Ronald Jeffrey Higgins, who serves as Forbco Management's President.

**B.    The Debtors' Proposed Limited Notice Procedures.**

The Debtors believe that limiting notice to the U.S. Trustee, the secured and twenty largest unsecured creditors and investors, and to all parties who request special notice in the Debtors' Chapter 11 cases, would provide adequate and proper notice to affected creditors and to other interested parties. Additionally, the Debtors will provide notice to any party whose interest is impacted directly by a particular action or proceeding filed by the Debtors.

Notwithstanding the Debtors' proposed procedures for limiting of notice in the Debtors' cases, the Debtors will provide to all creditors notice of the following matters:

1. the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement;

2. the time fixed for filing objections to, and the hearing to consider confirmation of, a plan;

3. any time fixed for filing objections to, and any hearing to consider, a proposed sale of all or substantially all assets of the estate;

4. notices with respect to claims bar dates; and

5. any time fixed for filing objections to, and any hearing on, a dismissal of the cases.

The Debtors believe that adoption of this proposed notice procedure, after notice and the opportunity for a hearing, is necessary and appropriate. Such notice procedure will relieve the Debtors of the significant administrative burdens that would be associated with periodic "mass mailings," and would reduce substantially the Debtors' postage and reproduction costs, as well as the time spent by attorneys and/or paralegals, thereby facilitating significantly the economical and efficient administration of the Debtors' cases. Any entity whose interest is affected by any action or proceeding filed by the Debtors will receive proper notice thereof. Moreover, any entity that is sufficiently interested in the proceedings in the Debtors' cases may, by written request for special notice, receive all notices of such proceedings.

### III.

### RULES 2002 AND 9007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE EMPOWERS THE COURT TO REGULATE NOTICES

Rule 2002 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> The Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

Fed. R. Bankr. P. 2002(m).

Case 8:11-bk-11428-RK    Doc 13    Filed 02/09/11    Entered 02/09/11 14:02:11    Desc
Main Document    Page 6 of 7

Rule 9007 of the Federal Rules of Bankruptcy Procedure provides:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.
> When feasible, the court may order any notices under these rules to be combined.

Fed. R. Bankr. P. 9007.

Pursuant to Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure, this Court has the authority to limit the manner of service of notice in the Debtors' cases.

### IV.
### GOOD CAUSE EXISTS FOR LIMITING
### NOTICE ON AN EMERGENCY BASIS

Procedural authorization for this emergency Motion is found in Rule 9006[1] of the Federal Rules of Bankruptcy Procedure, and in Local Bankruptcy Rule 9075-1.[2] The Debtors believe that an order, at the outset of these bankruptcy cases, authorizing the limiting of service of those notices set forth in Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure will ultimately benefit the creditors of the Debtors' estates by saving for the estates undue postage and photocopying expenses and by eliminating the administrative burdens, which would be associated with the Debtors having to serve all notices in the Debtors' cases on the substantial number of creditors in these cases and responding to inquiries from unsophisticated parties who are often confused by the mass number of pleadings in bankruptcy cases. Accordingly, the Debtors submit that, on the facts of these cases, emergency relief is both necessary and appropriate.

### V.
### NOTICE OF THE MOTION IS ADEQUATE

Notice of this Motion will be provided, by electronic mail, facsimile, overnight courier or hand-delivery, to the following parties-in-interest: (a) the Office of the United States Trustee, (b)

---

[1] Bankruptcy Rule 9006(c) provides, in pertinent part:
"when an act is required or allowed to be done at or within a specified time by these rules or be a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice *order the period reduced.*"

[2] Rule 9075-1(a) and (b) of the Local Bankruptcy Rules for the Central District of California provides for hearings on an emergency basis or, alternatively, on notice shorter than would otherwise be required under the Local Bankruptcy Rules.

-6-

MAINDOCS-#157802-v2-Forbco_Limit_Notice.DOC

MAINDOCS-#157802-v2-Forbco_Limit Notice.DOC

1  any secured creditors, and (c) the twenty (20) largest unsecured creditors of the Debtors. In light
2  of the limited nature of the relief requested herein, the Debtors would submit that no further notice
3  of the Motion should be required. Under the circumstances of these cases, this notice is fair and
4  reasonable.

## VI.

## CONCLUSION

7  Based on the foregoing, the Debtors respectfully request that the Court grant the relief
8  requested herein, and such other and further relief as the Court may deem just and proper.

DATED: February 9, 2011                Winthrop Couchot
                                       Professional Corporation

                                              /s/ Robert E. Opera
                                       By:_____
                                              Robert E. Opera, attorneys for
                                              the Debtor and Debtor-in-Possession

-7-